UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL RAYMER, DONALD HICKS, )
AARON BANIC, JACOB KOCH, MICHAEL )
ZIMMERMAN, MICHAEL WALKER, )
ANDREW MORSE, TOM LEVENHAGEN, )
JOSEPH HEATH, BRETT SWANSON, DAVID )
OLDHAM, CADE COOPER, TIM BUSE, PAUL )
ADAMS, PAT CICERO, JOHN WILCHER, )
DOUG RICE, CONNIE TROJANOWSKI, )
HARLAN WILLIAMS and TRACY MOODY, )
               )
    Plaintiffs, )
               )
  v.            )   NO. 3:10-CV-210-PS
               )
MIKE MOLLENHAUER, in his official capacity )
as La Porte County Sheriff, and THE COUNTY )
of LA PORTE, )
               )
    Defendants. )

## OPINION AND ORDER

  The twenty individual plaintiffs are employees of the Sheriff's Department of La Porte County, Indiana. They bring this action alleging that the Department has failed to pay them compensation owed for overtime hours worked at the Truck and Tractor RPM Festival held at the La Porte County Fairgrounds on May, 29, 30 and 31, in 2009. The First Amended Complaint filed July 9, 2010 makes claims under the Fair Labor Standards Act or FLSA, 29 U.S.C. §201 *et seq.* (Count I), under the Indiana Wage Claim Statute (Count II), and for breach of contract (Count III).

1

# COLLECTIVE ACTION CERTIFICATION

Plaintiffs have moved to certify their FLSA claim as a collective action. Under 29 U.S.C. § 216(b), an employee may bring an action to recover unpaid overtime compensation on "behalf of himself . . . and other employees similarly situated." This is known as a "collective action." *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). No employee may be a party plaintiff to a collective action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

In at least one respect, collective actions under the FLSA are fundamentally different from class actions under Federal Rule of Civil Procedure 23. Plaintiffs in a collective action must "opt-in" to the action to be bound by a judgment while plaintiffs in a Rule 23 class action must "opt-out." *See King v. General Electric Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Because of the "opt-in" requirement, a representative plaintiff in a collective action has to be able to inform other individuals who may have similar claims that they may join his lawsuit. *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006).

The FLSA neither defines the term "similarly situated" nor instructs judges when to exercise their discretion and authorize notice to potential plaintiffs. Nevertheless, a majority of federal courts have held that, for a case to proceed as a collective action, the plaintiffs must make a modest factual showing at the outset of the case that they and the other employees were victims of a common policy or plan that violated the law. *See, e.g., Russell v. Illinois Bell Telephone*

Co., 575 F.Supp.2d 930, 934 (N.D. Ill. 2008); *Ashley v. Lake County*, 2007 WL 1549926, at *2 (N.D. Ind. May 24, 2007).

If plaintiffs make this modest factual showing, then notice and an opportunity to "opt-in" can be sent to those employees who are similarly situated to the named plaintiffs. *See Cameron-Grant v. Maxim Healthcare Servs. Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D.Ill. 2003); *Austin*, 232 F.R.D. at 606. The action then proceeds through discovery as a representative or collective action. Though lenient, the "modest factual showing" standard is not a mere formality. For example, evidence that an employer made errors in paying two employees out of fifty was found to be an insufficient factual showing that the employer had a common policy in violation of the FLSA. *Flores*, 289 F.Supp.2d at 1045-46.

Here I can readily conclude that the requisite factual showing is made as to the existence of a similarly situated group of fellow employees. The factual basis of the claims here – that those Sheriff's Department employees who worked the Truck and Tractor Festival on a certain weekend in May 2009 were not paid the overtime compensation due for their services – presents a discrete class of persons with the same claim to make. The Sheriff and the County agree that plaintiffs "have made an initial threshold showing that they are similarly situated to the individuals on behalf of whom they are seeking to pursue claims," and do not oppose the motion to proceed as a collective action [DE 34, p.2].

The parties do not agree on the proper definition of the class. Their rival offerings are shown here, with the differences highlighted.

Plaintiffs propose:

3

> All **non-exempt La Porte County employees** working within the La Porte County Sheriff's Department, who worked at the Truck and Tractor Fest held at the La Porte County Fairgrounds on May 29, 30 and 31st, 2009, and **who La Porte County failed to pay wages to or otherwise compensate** for the time he or she spent working at the Truck and Tractor Fest.

Defendants propose:

> All **individuals** working within the La Porte County Sheriff's Department, who worked at the Truck and Tractor Fest held at the La Porte County Fairgrounds on May 29, 30 and 31st, 2009, and **who received no compensation** for the time he or she spent working at the Truck and Tractor Fest.

The principal point of contention is whether the definition should be limited to "non-exempt" employees, as plaintiffs would have it. Plaintiffs do not explain the term in their motion or in their reply, other than to note that its use would (apparently properly) exclude Sheriff Mollenhauer and Chief Sosinski, who worked the Festival but are exempt from the overtime provisions invoked by plaintiffs here. [DE 19, p.7; DE 44, p.2]. But presumably neither the Sheriff (who is named as a defendant here) nor the Chief would attempt to opt in on a claim for overtime, even if the term "non-exempt" were absent from the class definition.

In his role as a defendant here, the Sheriff, along with the co-defendant County, object to the use of the term "non-exempt" as expressing an unwarranted presumption against their position that "certain exemptions apply" in favor of the defendants. [DE 34, pp. 3-4]. This suggests that the parties are not applying the same understanding to "non-exempt," and aptly demonstrates the inadvisability of using a potentially loaded (and undefined) legal term in the class definition. At the same time, I doubt that there exists actual dispute between the parties as to the persons within the intended class. Based on these considerations, I will certify the collective class without using the term "non-exempt."

4

As to defendants' quarrel with a class definition referring to the members as "La Porte County employees" and persons "who La Porte County failed to pay wages to," I do not share defendants' concern that these phraseologies work any real prejudice to the defense.[1] No decisionmaker in this case will be predisposed to find the County liable for compensation merely based on this language in the class definition. Nonetheless, although plaintiffs in reply persist in their original class definition, they do not offer any argument contrary to defendants' concerns about what is ultimately unnecessary language. I will grant certification for collective action on the FLSA claim in Count I using the class definition proposed by defendants.

## LOGISTICS OF NOTIFICATION

Next are issues relating to the logistics of notice to the class. Section 216(b) does not explicitly provide for court-ordered notice. Nonetheless, the Supreme Court has held that, in appropriate cases, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Such court-authorized notice serves the broad, remedial purpose of the FLSA and comports with the court's interest in managing its docket. *Id*. at 172-74. To facilitate class notification, plaintiffs ask the Court to order that the Sheriff and the County produce a list of employees who worked the festival, including their names, addresses, telephone numbers, dates of employment with the Sheriff's Department, employee number and base rate of pay at the time in question.

Defendants resist, contending that plaintiffs already have the names and know that all such persons are still employees with the department, and that most of the information sought is not necessary for notification of the class but can be obtained later from those who opt in.

---

[1] Although I do find the grammar objectionable.

Plaintiffs' reply demonstrates that names and contact information are needed for notification purposes, and that this information is reasonably required of defendants. This court has previously held that in such cases "[t]he court can order the defendant to produce names and addresses of potential plaintiffs, and it can authorize the named plaintiff to send notices to the putative class informing them of the suit and their opportunity to opt in." *Reich v. Homier Distributing Co., Inc.*, 362 F.Supp.2d 1009, 1012 (N.D.Ind. 2005) [Lee, J.]. The Sheriff and the County will be ordered to provide, within ten days, the names, addresses and telephone numbers of employees who worked the festival.

Next steps will include plaintiffs filing, within thirty days, a Motion for Approval of Proposed Class Notice, with which plaintiffs will tender their proposed notice and their proposed form for class members' use to opt in. Once the notice is approved, I will set a deadline for plaintiffs' filing of all opt-in consents they receive in response to the notice of collective action.

## CONCLUSION

Based on the foregoing, plaintiffs' Motion to Certify Collective Action Status [DE 18] is **GRANTED**. The following class will have collective action status for purposes of the Fair Labor Standards Act claim brought in Count I of the First Amended Complaint:

> All individuals working within the La Porte County Sheriff's Department, who worked at the Truck and Tractor Fest held at the La Porte County Fairgrounds on May 29, 30 and 31st, 2009, and who received no compensation for the time he or she spent working at the Truck and Tractor Fest.

Defendants are **ORDERED** to produce to plaintiffs **within ten (10) days** a list, in electronic format, of all Sheriff's Department employees who worked at the Truck and Tractor Fest, including the name, address, and telephone number of each.

Plaintiffs are **ORDERED** to file **within thirty (30) days** their Motion for Approval of Proposed Class Notice, with which plaintiffs will tender a proposed notice and a proposed consent form for class members' use to opt in.

**SO ORDERED**.

ENTERED: August 16, 2010

s/ Philip P. Simon<br>
CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT