UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL RAYMER, DONALD HICKS, AARON BANIC, JACOB KOCH, MICHAEL ZIMMERMAN, MICHAEL WALKER, ANDREW MORSE, TOM LEVENHAGEN, JOSEPH HEATH, BRETT SWANSON, DAVID OLDHAM, CADE COOPER, TIM BUSE, PAUL ADAMS, PAT CICERO, JOHN WILCHER, DOUG RICE, CONNIE TROJANOWSKI, HARLAN WILLIAMS and TRACY MOODY, Plaintiffs, v. MIKE MOLLENHAUER, in his official capacity as La Porte County Sheriff, and THE COUNTY of LA PORTE, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. 3:10-CV-210-PS |

## OPINION AND ORDER

The twenty individual plaintiffs are employees of the Sheriff's Department of La Porte County, Indiana. They bring this action against the Sheriff in his official capacity and against the County alleging that the Department failed to pay them compensation owed for overtime hours worked at the Truck and Tractor RPM Festival held at the La Porte County Fairgrounds on May, 29, 30 and 31, 2009. The First Amended Complaint makes claims under the Fair Labor Standards Act or FLSA, 29 U.S.C. §201 *et seq.* (Count I), under the Indiana Wage Claim Statute (Count II), and for breach of contract (Count III). The FLSA claim was conditionally approved as a collective action by my order of August 16, 2010. Although the notice of collective action was served on the potential members of the class, the date for filing the list of persons who wish

1

to opt in to the action, along with copies of their consent forms, has been extended, and no such filing has been made. The parties earlier filed a Notice of Settlement [DE 64], and have now filed a Joint Motion for Approval of Settlement [DE 66], acknowledging that settlements of claims under the FLSA require court approval. *Burkholder v. City of Fort Wayne*, ___ F.Supp.2d ___, 2010 WL 4457310, *3 (N.D.Ind. 2010) [Van Bokkelen & Cosbey, JJ.]

When reviewing a proposed settlement in a collective FLSA action, a court normally considers a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the class's response to the settlement; (3) the stage of the proceedings; (4) the risks with respect to establishing liability and damages; (5) the chances of maintaining the collective action through trial; (6) the ability of the defendants to withstand a larger judgment; (7) the reasonableness of the settlement fund in light of the best possible recovery; and (8) the overall reasonableness of the settlement in light of all the risks of litigation. *Id*. Having considered these factors in the present case, I am persuaded to grant my approval to the parties' settlement.

The total value of the settlement is $75,000. Under the Settlement Agreement [DE 66-1], each of the twenty plaintiffs, and each of the thirty other employees and potential class members who worked the RPM Festival, will receive the full wages previously unpaid for the hours they worked. In total, 50 individuals will be paid for the number of hours worked over the 3-day period of the festival, ranging between 4 and 33 hours, yielding individual wages ranging from $120 to $990 per employee. The total wage portion of the settlement is $22,590.00. In addition to the full wages to each plaintiff and prospective plaintiff, defendants will pay plaintiffs' costs and attorney's fees in the amount of $52,410.00.

The twenty named plaintiffs have given power of attorney to their counsel for purposes of negotiating and accepting settlement, and two "representative Plaintiffs" have signed the settlement agreement. [DE 67; DE 66, pp.7; DE 66-1, pp.5-6]. The FLSA provides that "no employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. §216(b). At this stage, no opt-in consents have been filed, but the negotiated settlement expressly provides for payment of wages "to all other potential claimants who have not as yet opted to participate in the present lawsuit" on "the same terms and conditions as agreed to by" the twenty named plaintiffs. Settlement Agreement, Article I, ¶6 [DE 66-1, p.3]. The parties' joint motion acknowledges, however, that those potential claimants not yet added to the lawsuit are not bound by any waivers set forth in the Settlement Agreement executed by or on behalf of the named plaintiffs.

I am persuaded that the parties' settlement reflects a fair and reasonable compromise of their dispute, and not merely a waiver of statutory rights achieved through an employer's overreaching. The lawsuit was filed in May 2010 and has proceeded for eight months with the parties having had considerable opportunity to engage in discovery. There exist disputes concerning the applicability of plaintiffs' various legal theories to the facts of the case, and issues related to the liability of third parties for the hours worked at the RPM Festival. The parties are represented by counsel, who have negotiated in good faith and at arm's length, and they have determined and agreed that the value of an immediate recovery of the wages owed "outweighs the merely possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha-Bar NYC*, 2009 WL 5841177 at *3 (S.D.N.Y. May 28, 2009). Although the

terms omit the payment of any liquidated damages potentially available under the FLSA, such agreements can be approved where the court finds the overall terms of the settlement to be fair and reasonable. *Misiewicz v. D'Onofrio Gen. Contractors*, 2010 WL 2545439 (E.D.N.Y. May 17, 2010); *Elliott v. Allstate Investigations, Inc.*, 2008 WL 28648 (S.D.N.Y. March 19, 2008). I will approve the Settlement Agreement, which I find to be fair, adequate and reasonable in light of the risk and expense of further litigation.

As with their earlier Notice of Settlement, the parties again request an order of dismissal without prejudice, with leave to reinstate by February 28, 2011, and that the dismissal shall convert to one with prejudice if reinstatement is not timely sought. As explained in my January 18 order, I am not amenable to such conditional dismissals or "springing orders," which the Seventh Circuit has criticized for the uncertainty they create. *See Shapo v. Engle*, 463 F.3d 641, 643-44 (7th Cir. 2006); *Otis v. Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994). Instead, having here approved the parties' settlement, I will merely order that, no later than February 28, 2011, the parties shall file their stipulation for dismissal with prejudice or show good cause in writing why they have failed to do so. ACCORDINGLY,

The parties' **Joint Motion for Approval of Settlement [DE 66]** is GRANTED.

No later than **February 28, 2011**, the parties shall file their stipulation for dismissal with prejudice or shall show good cause in writing why they have failed to do so.

**SO ORDERED**.

ENTERED: January 31, 2011

                                                    s/ Philip P. Simon
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT